IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROY M. SHORE,

  **Plaintiff,**

  v.

THE PROCTER & GAMBLE HEALTH
AND LONG-TERM DISABLITY PLAN,
et al.,

  **Defendants.**

CASE NO. 2:18-CV-02294-HLT-JPO

## MEMORANDUM AND ORDER

Plaintiff Roy Shore alleges four separate claims under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 (2012) ("ERISA") and its accompanying regulations based on his employer's denial of his request for total disability benefits. He seeks monetary relief in the form of unpaid benefits and daily penalties (Counts I and IV) as well as several forms of equitable relief (Counts II and III). Defendants seek dismissal of Plaintiff's claims for equitable relief under Counts I and II as duplicative and impermissible under ERISA's statutory scheme and Supreme Court precedent. Defendants also contend the regulation Plaintiff relies on post-dates his disability claim. Because Plaintiff's claim for recovery of benefits may not provide an adequate remedy, his claims for equitable relief are neither duplicative nor impermissible. The regulation applicable to Plaintiff's claim also counsels against dismissal. For these reasons, the Court denies Defendants' motion.

**I. BACKGROUND**

The following facts are from the well-pleaded allegations of Plaintiff's Complaint and, consistent with the well-established standards for evaluating motions to dismiss under Federal

Rule of Civil Procedure 12(b)(6), the Court assumes the truth of these facts for purposes of analyzing Defendants' motion to dismiss.

Before July 29, 2016, Plaintiff worked for Defendant The Procter & Gamble U.S. Business Services Company ("Defendant Employer") full-time as an operator. Doc. 1 ¶¶ 12-13. Defendant Employer sponsors an ERISA-governed employee welfare benefits plan that provides partial and total disability benefits to eligible employees (the "Plan"[1]). *Id.* ¶¶ 16-17, 23-26. Defendant Employer administers the Plan but has delegated its authority to make initial benefits determinations to its corporate and local review boards (collectively, the "Board"). *Id.* ¶¶ 18-19. Defendant The Procter & Gamble Disability Committee ("Defendant Committee") has authority to review and decide appeals of benefits determinations. *Id.* ¶ 20.

Plaintiff applied for total disability benefits under the Plan on July 29, 2016. *Id.* ¶ 30. The Board initially deemed him totally disabled under the Plan's terms. *Id.* ¶ 31. Within six months, however, the Board requested that Plaintiff submit to a medical examination and functional capacity evaluation after which the Board reversed course and deemed Plaintiff only partially disabled. *Id.* ¶¶ 33-37. Beginning April 20, 2017, Plaintiff was paid partial disability benefits rather than total disability benefits. *Id.* ¶¶ 37-39. He received written notification of this change on May 8, 2017. *Id.* ¶ 38-39.

Plaintiff engaged legal counsel to appeal to Defendant Committee the Board's downgrade of his benefits from total to partial disability. *Id.* ¶ 40. Defendant Committee ultimately upheld the Board's decision; however, the evidence it considered in doing so was both inaccurate and

---

[1] The Court notes that the Plan is a separately named defendant in this case—Defendant The Procter & Gamble Health and Long-Term Disability Plan ("Defendant Plan")—and that Defendants have clarified in their motion that, effective July 1, 2013, the correct name of the Plan is The Procter & Gamble Health and Long-Term Disability Plan Procter & Gamble Insured-Unfunded Welfare Plan. Unless Plaintiff disputes the proper name of the Plan, Plaintiff should file a motion to correct the case caption.

2

incomplete. *Id.* ¶¶ 72-77. Defendant Committee was erroneously provided photographic evidence and a statement that Plaintiff—while claiming total disability—attended a rock concert (the "Concert Photograph"). *Id.* ¶¶ 41-43, 72-77. Defendant Committee should not have considered the Concert Photograph because it does not, in fact, depict Plaintiff. *Id.* Defendant Committee also was not provided with relevant evidence submitted by Plaintiff, including email correspondence regarding the Concert Photograph that does not actually depict Plaintiff, other photographs that do depict Plaintiff, and a letter addressing the denial of another Plan participant's benefits that was erroneously provided to Plaintiff. *Id.* ¶ 76.

## II. STANDARD

Under Rule 12(b)(6), to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's claim is facially plausible if he pleads sufficient factual content to allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully" but "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

This standard results in two principles that underlie a court's analysis. *Id.* First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Stated differently, though the court must accept well-pleaded factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S.

at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* (quoting FED. RULE CIV. PROC. 8(a)(2) (original brackets omitted). "In keeping with these [two] principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### III. ANALYSIS

Plaintiff's Complaint asserts four separate counts: Count I for recovery of wrongfully denied benefits; Count II for breach of fiduciary duty seeking multiple forms of equitable relief; Count III for statutory and regulatory noncompliance seeking *de novo* review of the disability benefits determination under the Plan; and Count IV seeking imposition of daily penalties for failure to provide documents as required under applicable regulations. Doc. 1 at 11-17. Defendants do not contest the viability of the claims asserted in Counts I and IV and seek dismissal only of Counts II and III.

Defendants contend Plaintiff's claim under Count II for breach of fiduciary duty seeking equitable relief is no more than a repackaging of his claim for recovery of benefits under Count I and is therefore impermissible under ERISA's statutory scheme and Supreme Court precedent. They argue Count III, which is based largely on regulatory provisions governing claim handling, must be dismissed because: (1) the regulatory provisions cited were not in effect when Plaintiff filed his claim; (2) ERISA does not recognize claims for statutory or regulatory noncompliance; and (3) Count III is also duplicative of Count I and therefore impermissible. Each of these issues is discussed in turn below.

## A. Equitable Relief Under § 502(a)—Count II

Defendants cite case law to the effect that an ERISA claim for breach of fiduciary duty is duplicative and subject to dismissal when it is merely a repackaged claim for recovery of benefits. Plaintiff urges the Court to consider whether that line of cases has been abrogated by a more recent Supreme Court holding. But the issue in this case, at least for the moment, is resolved by the Court's conclusion that Plaintiff's claim for breach of fiduciary duty is <u>not</u> simply a repackaged claim for recovery of benefits. Rather, Plaintiff has stated a separate claim for alternative relief in the event his claim for recovery of benefits proves inadequate.

### 1. ERISA's Civil Enforcement Provisions

"ERISA protects employee pensions and other benefits by providing insurance . . . , specifying certain plan characteristics in detail . . . , and by setting forth certain general fiduciary duties applicable to the management of both pension and nonpension benefit plans." *Varity Corp. v. Howe*, 516 U.S. 489, 496 (1996) (internal citation omitted). The civil enforcement provisions provided by ERISA are set forth in § 502(a).[2] 29 U.S.C. § 1132(a). Plan participants and beneficiaries can sue to "recover benefits due" under § 502(a)(1)(B). *Id.* § 1132(a)(1)(B). Section 502(a)(3) also provides a "safety net offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity*, 516 U.S. at 512. Under § 502(a)(3), plan participants and beneficiaries can sue "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]" 29 U.S.C. § 1132.

---

[2] Textual references to section numbers—*e.g.*, § 502(a), etc.—refer to the original section number as it appears within ERISA. Section numbers within citation sentences—e.g., 29 U.S.C. § 1132(a), etc.—refer to section numbers as they appear within the United States Code.

The interplay between § 502(a)(1)(B) and § 502(a)(3) is the subject of much debate. Courts have grappled with whether ERISA permits participants and beneficiaries to seek—in the same action—benefits due under § 502(a)(1)(B) and equitable relief under § 502(a)(3). The Supreme Court has addressed the issue on two occasions: first, in *Varity*, 516 U.S. at 496-515; and then again in *CIGNA Corp. v. Amara*, 563 U.S. 421, 436-445 (2011). Following *Varity*, lower courts almost uniformly concluded that if a claimant sought recovery of benefits due under § 502(a)(1)(B), there was an adequate, non-equitable remedy that barred the claimant from seeking equitable relief under § 502(a)(3). *See, e.g.*, *Whelehan v. Bank of Am. Pension Plan for Legacy Cos.-Fleet-Traditional Benefit*, 621 F. App'x 70, 72 (2d Cir. 2015); *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 102 (4th Cir. 2006); *Lefler v. United Healthcare of Utah*, 72 F. App'x 818, 827 (10th Cir. 2003); *LaRocca v. Borden, Inc.*, 276 F.3d 22, 28-29 (1st Cir. 2002); *Katz v. Comprehensive Plan of Grp. Ins.*, 197 F.3d 1084, 1088-89 (11th Cir. 1999); *Tolson v. Avondale Indus. Inc.*, 141 F.3d 604, 610 (5th Cir. 1998); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998); *Wald v. Sw. Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997). After *Amara*, however, some courts began to reconsider the analysis.

The plaintiffs in *Amara* challenged their employer's adoption of a new ERISA-governed plan because the new plan provided them less generous benefits than the previous plan. *Amara*, 563 U.S. at 424. They argued in part that their employer failed to provide sufficient notice of changes to their benefits. *Id.* The district court agreed, reformed the new plan, and ordered the employer to pay benefits accordingly. *Id.* at 425. The district court cited § 502(a)(1)(B) as its authority for doing so. *Id.* On appeal, the Supreme Court held that § 502(a)(1)(B) allows only recovery of benefits due under the terms of the existing plan and does not permit the type of relief

the district court granted. *Id.* at 435-38. The Supreme Court further concluded, however, that ERISA's "equity-related" provision—§ 502(a)(3)—does authorize forms of relief similar to those the district court entered. *Id.* at 438-442. Because the district court had not actually considered whether § 502(a)(3) authorized an equitable remedy and, if so, what remedy would be appropriate, the Supreme Court remanded the case for further consideration. *Id.* at 442-45. To guide the district court's analysis, the Supreme Court discussed several forms of equitable relief that might be appropriate: reformation; injunctions (both affirmative and negative); mandamus; estoppel; and surcharge. *Id.* at 438-442. Although this discussion of equitable remedies was arguably *dictum*, several lower courts have interpreted *Amara* as requiring broader analysis of whether a claim for recovery of benefits under § 502(a)(1)(B) precludes a simultaneous claim for equitable relief under § 502(a)(3). *See, e.g.*, *Jones v. Aetna Life Ins. Co.*, 856 F.3d 541, 545–47 (8th Cir. 2017); *Moyle v. Liberty Mut. Ret. Benefits Plan*, 823 F.3d 948, 960 (9th Cir. 2016); *N.Y. State Psychiatric Ass'n v. UnitedHealth Grp.*, 798 F.3d 125, 134 (2d Cir. 2015); *Stiso v. Int'l Steel Grp.*, 604 F. App'x 494, 497-501 (6th Cir. 2015).

This is the backdrop against which Defendants seek dismissal of Plaintiff's claim for breach of fiduciary duty under Count II seeking equitable relief. Defendants rely on *Varity* and more traditional notions of the interplay between § 502(a)(1)(B) and § 502(a)(3). Plaintiff argues *Armana* and its progeny have changed the landscape for claimants seeking both recovery of benefits due and equitable relief. But the question of whether *Amara* has changed the landscape is not a question the Court needs to resolve. The Court concludes that—assuming the veracity of the well-pleaded factual allegations in the Complaint—Plaintiff's § 502(a)(1)(B) claim for recovery of benefits may not provide Plaintiff an adequate remedy. Thus, the Supreme Court's holding in

*Varity* and ERISA's plain language dictate the permissibility of Plaintiff's § 502(a)(3) claim for alternative, equitable relief.

### 2. Inadequacy of § 502(a)(1)(B)

Defendants do not dispute that, if § 502(a)(1)(B) does not provide an adequate remedy, Plaintiff must be permitted to also pursue a § 502(a)(3) claim for equitable relief. *See* Doc. 12 at 5 (recognizing that § 502(a)(3) "operates where other portions of ERISA's civil enforcement scheme do not provide a remedy"). Rather, Defendants contend denial of benefits is Plaintiff's only alleged injury and, because relief for this injury is available under § 502(a)(1)(B), a § 502(a)(3) claim is inappropriate. At this stage of the litigation, however, the Court cannot conclude that § 502(a)(1)(B) will provide Plaintiff an adequate remedy under the facts alleged.

Plaintiff contends Defendant Committee mishandled the appeal of his claim for benefits. Importantly, however, Plaintiff's allegations are more than generalized allegations of mishandling. Plaintiff specifically alleges that, in considering his appeal of the Board's denial of total disability benefits, Defendant Committee considered an improper and insufficient administrative record. The administrative record was improper and insufficient, Plaintiff alleges, because it both included erroneous evidence (the Concert Photograph) and failed to include relevant evidence (additional photographs and other documentation submitted by Plaintiff).

If these allegations are taken as true—which they must be for purposes of analyzing a Rule 12(b)(6) motion to dismiss—the reasonable inference is that the administrative record the Court would consider in reviewing Plaintiff's § 502(a)(1)(B) claim for benefits would include improper evidence in at least one case and would lack relevant evidence (at least to some extent). Limited

8

to that record,[3] the Court could conceivably conclude that the downgrade of Plaintiff's benefits from total to partial disability was not arbitrary and capricious. In such a case, § 502(a)(1)(B) would not provide Plaintiff an adequate remedy. Plaintiff would need another avenue to get the proper record before the Court. That avenue is Plaintiff's § 502(a)(3) claim for breach of fiduciary duty under Count II. *See Faltermeier v. Aetna Life Ins. Co.*, 2015 WL 3440479, at *2-3 (D. Kan. May 28, 2015) (permitting amendment of complaint to include § 502(a)(3) claim in addition to § 502(a)(1)(B) where relevant medical evidence was excluded from the administrative record). Because Plaintiff's § 502(a)(1)(B) claim may not, in fact, provide adequate relief, his § 502(a)(3) claim is permissible and Defendants' motion to dismiss is denied as to Count II of the Complaint.[4]

### B.     Statutory and Regulatory Noncompliance—Count III

Defendants also seek dismissal of Count III—Plaintiff's claim for statutory and regulatory noncompliance. These claims center on Defendants' claims-handling process (*e.g.*, failure to provide documents to Plaintiff as required, etc.). Plaintiff alleges these failures are violations of ERISA's statutory provisions and its accompanying regulations and, as a remedy, seeks *de novo* review by the Court of his benefits claim, permitting the Court to consider evidence outside the administrative record. Defendants seek dismissal of these claims arguing: (1) the regulatory provision on which Plaintiff relies was not in effect when Plaintiff filed his claim with Defendant Employer; (2) ERISA does not recognize claims for statutory or regulatory noncompliance;[5] and

---

[3]  The Tenth Circuit has clearly stated that "in reviewing a plan administrator's decision . . . federal courts are limited to the administrative record." *Murphey v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1157 (10th Cir. 2010).

[4]  The Court leaves for another day the determination of what type of equitable relief is appropriate if, indeed, this is a case where equitable relief is ultimately granted.

[5]  Defendants' first and second grounds for dismissal of Count III are stated only in a footnote in Defendants' opening brief and in a single sentence in Defendants' reply. Doc. 12 at 2 n.3; Doc 18 at 16. Out of an abundance of caution, and for the sake of clarity as the parties proceed with discovery, the Court addresses these issues. But arguments presented in a perfunctory fashion in footnotes are not well-taken. *See United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) (en banc) ("Arguments raised in a perfunctory manner, such as in a footnote, are waived.");

(3) to the extent Count III is a § 502(a)(3) claim for equitable relief, it is duplicative of—and therefore precluded by—Plaintiff's claim for recovery of benefits under § 502(a)(1)(B). The Court disagrees.

There was a regulation applicable to claim handling when Plaintiff filed his claim for total disability benefits with Defendant Employer, even if it was not the exact version Plaintiff references in his Complaint. Defendants are, to some extent, correct. Certain subparagraphs of the regulation Plaintiff cites in support of Count III do not apply to disability claims filed before 2018. 29 C.F.R. § 2560.503-1(p)(3) (2018). But that is not the only version of the regulation that has ever existed. There was a prior version in effect in July 2016, which is when Plaintiff filed his claim for total disability benefits. *See* 29 C.F.R. § 2560.503-1(p)(3) (eff. Jan. 2, 2002 to Jan. 18, 2017). And although the former and current versions of the regulation are not entirely identical, certain subparagraphs that Plaintiff relies on remain unchanged. Moreover, the well-pleaded factual allegations and Plaintiff's citation to the regulation—regardless of the specific version cited—support a reasonable inference of a claim for violation of other subparts of the properly-applicable regulation.

To the extent Defendants contend Claim III must be dismissed because ERISA does not permit claims for "statutory or regulatory compliance" and the claim is otherwise an improper § 502(a)(3) claim for equitable relief, the Court sees no reason for dismissal on the instant record, at this stage of the litigation. Subparagraph (l) of the regulation in effect at the time Plaintiff submitted his claim specifically states:

> In the case of failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant . . . shall be entitled to pursue available remedies under

---

*Utahns for Better Transp. v. U.S. Dep't of Treasury*, 305 F.3d 1152, 1169 (10th Cir. 2002) (holding argument consisting of a single sentence was "waived for failure to brief").

10

> section 502(a) of the Act on the basis that the plan has failed to
> provide a reasonable claims procedure that would yield a decision
> on the merits of the claim.

29 C.F.R. § 2560.503-1(p)(3) (eff. Jan. 2, 2002 to Jan. 18, 2017). As noted, Plaintiff has alleged sufficient facts to support a reasonable inference that Defendants failed to provide a reasonable claims procedure under the then-applicable regulations by, at a minimum, considering an improper or incomplete record. The regulation contemplates that a claimant might seek relief for failure to provide a reasonable claims process, as Plaintiff does here. Whether Plaintiff designates the claim as one for "statutory and regulatory noncompliance" is of little consequence given the Court's conclusion, discussed *supra* at Part III.A.2., that Plaintiff has stated a cognizable claim for equitable relief under § 502(a)(3). Defendants' motion to dismiss Count III is, therefore, denied.

## IV. CONCLUSION

Plaintiff's claim for breach of fiduciary duty under Count II of the Complaint is not duplicative of his claim under Count I for recovery of benefits. The well-pleaded allegations of the Complaint support a reasonable inference that § 502(a)(1)(B) may not provide Plaintiff an adequate remedy and he is entitled to seek equitable relief under § 502(a)(3). Similarly, under Count III, Plaintiff has pled facts supporting a violation of the applicable regulations governing claim handling and established his right to seek equitable relief sufficient to avoid dismissal at this stage of the litigation.

THE COURT THEREFORE ORDERS that Defendants' Motion to Dismiss Counts II and III of Plaintiff's Complaint, Doc. 11, is DENIED.

IT IS SO ORDERED.

DATED: October 17, 2018            */s/ Holly L. Teeter*
                                    HOLLY L. TEETER
                                    UNITED STATES DISTRICT JUDGE