UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROY M. SHORE,

        Plaintiff,

v.                                            Case No. 18-2294-HLT

THE PROCTER & GAMBLE HEALTH AND
LONG-TERM DISABILITY PLAN
PROCTER & GAMBLE INSURED-
UNFUNDED WELFARE PLAN, et al.,

        Defendants.

## AMENDED SCHEDULING ORDER

On November 6, 2018, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a telephonic scheduling conference. Plaintiff appeared through counsel, Tylor B. Whitham. Defendants appeared through counsel, Stephanie O. Zorn.

As agreed to by the parties, all pending discovery is stayed pending early mediation. Discovery responses are due 21 after completion of mediation if the case hasn't been settled.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Defendants' settlement counter-proposal | **November 30, 2018** |
| Jointly filed mediation notice | **November 30, 2018** |
| Mediation completed | **January 4, 2019** |
| Supplementation of initial disclosures | **40 days before deadline for completion of all discovery** |
| All discovery completed | **April 26, 2019** |
| Motions to amend or join additional parties | **November 13, 2018** |
| All potentially dispositive motions | **May 24, 2019** |
| Defendants' response to plaintiff's dispositive motion, and cross-motion | **28 days thereafter (but no later than June 21, 2019)** |
| Plaintiff's response to cross-motion, and reply | **28 days thereafter (but no later than July 19, 2019)** |
| Defendants' reply | **14 days thereafter (but no later than August 2, 2019)** |

1) **Alternative Dispute Resolution (ADR).**

As earlier indicated, settlement of this case would be enhanced by use of early mediation. Toward that end, plaintiff already has made a good-faith settlement proposal. Defendant must make a good-faith counter-proposal by **November 30, 2018**. Also by **November 30, 2018**, the parties must jointly file a notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation. Absent further order of the court, mediation must be held no later than **January 4, 2019**. An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://www.ksd.uscourts.gov/adr-report/*

2) **Discovery.**

a) The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1). *See* ECF Nos. 19 and 20. Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served throughout the case at such times and under such circumstances as required by that rule. In addition, final supplemental disclosures must be served in any event 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial. The opposing party and counsel should be placed

in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires. Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

      b)      All discovery must be commenced or served in time to be completed by **April 26, 2019**. The court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter provided it's (a) relevant to a party's claim or defense, AND (b) proportional to the needs of this case. Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

      c)      The parties have stipulated that no expert testimony will be used in this case. The parties have further stipulated that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

      d)      The court considered but ultimately wasn't called upon to resolve the following discovery problem raised by the parties: Defendants maintain that there should

be no discovery beyond the administrative record; plaintiff disagrees.

e) The parties do not anticipate any ESI discovery, i.e., the parties intend to provide printed or PDF copies of all discovery materials.

f) To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case: The administrative record will contain personal, medical, and financial information of the plaintiff. The parties intend to seek leave to file the administrative record under seal with the understanding that they may quote from it or reference it in public filings; they believe this practice efficiently allows the adversarial process to play out on public record while protecting plaintiff from unwarranted invasions of privacy.

g) Any depositions must be governed by the written guidelines that are available on the court's website: http://www.ksd.uscourts.gov/deposition-guidelines/

h) If the parties later reach agreement concerning the need for and scope and form of such a protective order, they must confer and then submit a jointly proposed protective order, in Word format. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*Guidelines for Agreed Protective Orders for the District of Kansas*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate

basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).  A pre-approved form of protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached.

    i)    The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

    j)    The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).  Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it is certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule

26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3) Motions.**

a) Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **November 13, 2018**.

b) All potentially dispositive motions (e.g., motions for summary judgment or motions for judgment on the pleadings), must be filed by plaintiff by **May 24, 2019**. Defendant's response and such cross-motions must be filed no later than **28 days** after plaintiff's motion is filed (and no later than **June 21, 2019**). Plaintiff's opposition to defendant's cross-motion and any reply shall be filed no later than **28 days** thereafter (and no later than **July 19, 2019**). Defendants' reply shall be filed no later than **14 days** thereafter (and no later than **August 2, 2019**).

c) Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission

of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

d) If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion. But such a conference is not mandatory.

e) Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection is waived. *See* D. Kan. Rule 37.1(b).

f) To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).

g) The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4)     Pretrial Conference, Trial, and Other Matters.**

a)     As discussed during the scheduling conference, a pretrial conference won't be conducted unless issues remain after the parties' above-described cross-motions have been decided by the court.  Likewise, the court won't set the case for trial at this time. The parties are not prepared to consent to trial by a U.S. Magistrate Judge.

b)     This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public.  Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

*http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This amended scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated November 7, 2018, at Kansas City, Kansas.

                                  s/ James P. O'Hara
                                  James P. O'Hara
                                  U.S. Magistrate Judge